UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMED SALEM DAHMANE, A-246-772-443,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-04870 DAD AC

FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE").  ECF 1.  The petition, liberally construed, argues that petitioner's detention based on his immigration status as well as DHS's revocation of his earlier release violate the Immigration and Nationality Act and his federal due process rights.  Id.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Respondents move to dismiss based on the first-to-file rule, as petitioner previously filed a habeas petition seeking similar relief in the U.S. District Court for the Western District of New York.  ECF No. 13 (Notice of Related Cases); ECF No. 14 (Motion to Dismiss).  Petitioner has filed an opposition to respondents' motion.  ECF No. 15.  As discussed below, the court recommends DENYING respondents'

1

motion to dismiss to transfer and GRANTING petitioner's habeas petition.

I.     Factual Background

Petitioner is a native and citizen of Mauritania who entered the United States from Mexico without inspection on April 3, 2023.  ECF No. 1 at 2; ECF No. 14-1 at 1.  Border Patrol encountered petitioner in Lukeville, Arizona, but released him on an order of his own recognizance on April 5, 2023.  ECF No. 1 at 2, 6-8; ECF No. 14-1 at 4.  Petitioner complied with the conditions of his release and has no criminal history.  ECF No. 1 at 2; ECF No. 14-1 at 4.  He has lived and worked in the United States since April 2023.

On April 8, 2026, petitioner was re-detained by ICE officers in Buffalo, New York, without notice or a pre-deprivation hearing.  Id. at 3.  While he was initially in ICE custody at the Buffalo Federal Detention Facility, petitioner filed a federal habeas petition challenging his confinement in the U.S. District Court for the Western District of New York on April 17, 2026.  See Mohamed Salem Dahmane v. Warden, 6:26-cv-06447-JLS (W.D.N.Y. April 17, 2026).[1]  Petitioner was subsequently transferred to the Golden State Annex Detention Facility in Kern County, where he has remained in immigration detention without an individualized bond hearing ever since.  Id.

II.    Procedural History

Petitioner initiated this action by filing a § 2241 petition in the U.S. District Court for the Central District of California on June 23, 2026.  ECF No. 1.[2]  His requested relief is a custody redetermination hearing or "any other and further relief that the Court deems just and proper including, if appropriate, an order for Petitioner's immediate release from custody pending the resolution of his removal proceedings."  Id. at 20.  On June 24, 2026, the case was transferred to this court because petitioner was incarcerated at the Golden State Annex Detention Facility in Kern County, which is in the Eastern District of California.  ECF No. 7.

By Minute Order dated July 2, 2026, the undersigned directed respondents to file a

---

[1] The undersigned takes judicial notice of the Western District of New York docket. Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[2] The petition did not disclose petitioner's earlier-filed New York habeas petition.

2

response to the petition that substantively addressed whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026), Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), and other similar cases previously decided by this court.  ECF No. 12.

On July 7, 2026, respondents filed a Notice of Related Cases (ECF No. 13) along with a Motion to Dismiss or Transfer this action to the Western District of New York (ECF No. 14), where petitioner's previously-filed federal habeas petition in Mohamed Salem Dahmane v. Warden, 6:26-cv-06447-JLS (W.D.N.Y. April 17, 2026), was still pending.  Respondents argue that because both petitions involved substantially the same facts, parties, and requested relief, this court should dismiss this matter or "transfer this action back to New York where there is currently ongoing litigation" in the interest of comity, economy and consistency.  ECF No. 14 at 4.  With respect to the merits of the petition, respondents declined to address or distinguish any of the specific cases referenced in the court's July 2, 2026 Minute Order.  Id. at 1 ("This Court asked Respondents to distinguish between other cases that have been addressed by the Court to render a distinction, and in the instant case a previous Habeas is pending.").  Respondents argued instead that if the instant petition is not dismissed under the first-to-file rule, any habeas relief in this action "should be limited to a bond hearing."  Id. at 2.

In their reply to respondents' motion, petitioner argues that the first-to-file doctrine does not authorize transfer to a district where this later-filed action could not have been brought in the first instance pursuant to 28 U.S.C. § 1404(a).  ECF No. 15 at 1-2 (citing In re Bozic, 888 F.3d 1048, 1054 (9th Cir. 2018)).  Because the first-to-file rule is a flexible and discretionary doctrine of federal comity, rather than an independent source of jurisdiction or venue, petitioner asks the court to deny the motion to dismiss or transfer, or alternatively, stay this case pending the U.S. District Court for the Western District of New York's resolution of his habeas case.  Id. at 3-4.

The day after petitioner filed his reply brief, he entered into a stipulated dismissal of his New York habeas action, and the U.S. District Court for the Western District of New York

3

dismissed the case without prejudice on July 15, 2026.  See Mohamed Salem Dahmane v. Warden, 6:26-cv-06447-JLS (W.D.N.Y.) (ECF Nos. 8-9).

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    Respondents' Motion to Dismiss or Transfer to the Western District of New York

As a matter of docket management and avoiding potentially inconsistent rulings on behalf of petitioners with multiple cases, the court may recommend dismissal of later-filed actions pursuant to the "first-to-file" rule, where appropriate.  See WCDS Buyer, Inc. v. Sohrab, No. 8:24-CV-02523-FWS-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) ("The [first-to-file] doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.") (quoting Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016)).  Under this judicially created "doctrine of federal comity," a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982); Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first filed rule.").  "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  Bozic, 888 F.3d at 1052 (quoting Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997)).  When applying the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties,

and similarity of the issues." Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991)).

As discussed above, when respondents filed their motion to dismiss or transfer this case, petitioner's earlier-filed habeas petition was still pending in that district. However, the U.S. District Court for the Western District of New York has now dismissed petitioner's earlier-filed habeas action without prejudice and closed the case. See Mohamed Salem Dahmane v. Warden, 6:26-cv-06447-JLS (W.D.N.Y.) (ECF No. 9). In light of these changed circumstances, the court does not find dismissal or transfer of this case pursuant to the first-to-file rule to be in the best interest of efficiency, judicial economy, and consistency. Accordingly, respondents' motion to dismiss or transfer this case to the U.S. District Court for the Western District of New York (ECF No. 14) should be DENIED. The court will now turn to the merits of the habeas petition.

V.      Discussion

Although respondents acknowledged the court's July 2, 2026 Minute Order and directive to distinguish prior cases involving similar facts, respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026), Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), or other similar cases previously decided by this court. ECF No. 14. Considering the facts of this case and respondents' implicit concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Ayala Cajina, Mejia Parada, and Quichimbo-Jimenez, and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates his right to due process. Similarly, the court adopts its reasoning expressed in those cases concluding that due process in these circumstances further requires immediate release of petitioner as the appropriate form of habeas relief. Because the court finds relief appropriate on the merits of petitioner's due process claim, the court declines to address

petitioner's other arguments seeking the same or similar relief.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner MOHAMED SALEM DAHMANE, A-246-772-443, from custody, with the same conditions he was subject to immediately prior to his detention on April 8, 2026.  At the time of release, respondents must return all of petitioner's documents and possessions.

    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

    d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his April 8, 2026 detention.

3. Respondents' Motion to Dismiss or Transfer (ECF No. 14) be DENIED.

4. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written

6

briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE